UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA SHOEMAKER, MARTY SHOEMAKER, INDIVIDUALLY, AND IN THEIR CAPACITY AS PARENTS OF ABIGAIL SHOEMAKER<br><br>Plaintiffs,<br><br>v.<br><br>THE MARYSVILLE SCHOOL DISTRICT NO. 25, A MUNICIPAL CORPORATION, PETER APPLE individually and in his capacity as principal of MARYSVILLE PILCHUCK HIGH SCHOOL, TWILA HAMMONTREE, individually and in her capacity as Dean of students at MARYSVILLE PILCHUCK HIGH SCHOOL and NICOLE MARCUS individually and in her capacity as counselor at MARYSVILLE PILCHUCK HIGH SCHOOL<br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**[JURY DEMAND]** |

COMES NOW Plaintiffs Brenda Shoemaker, Marty Shoemaker, and Abby Shoemaker through the undersigned attorney, and allege as follows:

**INTRODUCTION**

This case involves the collective efforts of school officials to trample the civil rights of a student *(and her family)* in response to a perceived threat/complaint against the status quo. The ultimate goal of the defendants, which to date has been successful, is to run a student

Complaint - 1

The Law Office of G. (Gus) Benjamin
Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA 98258
(425) 263-9585 WSBA #36386

out of the district solely based on her desire to protest sexual harassment by a "favored student" who happens to be division one college athlete with long time family connections to the school district.

## I. PARTIES

1.1 **Plaintiffs** Brenda Shoemaker, Marty Shoemaker, and Abby Shoemaker, (collectively the "Shoemakers") reside in Snohomish County, Washington. Brenda Shoemaker and Marty Shoemaker are Abby's parents.

1.2 **Defendant Marysville School District No. 25** ("MSD" of "Defendant MSD") is a municipal corporation as defined by RCW 39.50.010 and is responsible for operating Marysville-Pilchuck High School in Marysville, Washington.

1.3 **Defendant Pete Apple ("Defendant Apple")** and **Defendant Jane Doe Apple** are a marital community residing in Snohomish County, Washington. Defendant Apple is employed by Defendant MSD as the principal for Marysville-Pilchuck High School. All actions by Defendant Apple were done for the benefit of the Apple marital community.

1.4 **Defendant Twila Hammontree ("Defendant Hammontree")** and **Defendant John Doe Hammontree** are a marital community residing in Snohomish County, Washington. Defendant Hammontree is employed by Defendant MSD as the Dean of Students for Marysville-Pilchuck High School. All actions by Defendant Hammontree were done for the benefit of the Hammontree marital community.

1.5 **Defendant Nicole Marcus ("Defendant Marcus")** and **Defendant John Doe Marcus** are a marital community residing in Snohomish County, Washington. Defendant Marcus is employed by Defendant MSD as a counselor at Marysville-Pilchuck High School. All actions by Defendant Marcus were done for the benefit of the Marcus marital community.

## II. JURISDICTION

2.1 **Jurisdiction and Venue**. Jurisdiction and venue are proper in this Court under 28 U.S.C §§1331 and 1343 because the Defendant Marysville Schools is a municipal corporation in Snohomish County where the alleged harmful conduct occurred.

Complaint - 2

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA 98258
(425) 263-9585 WSBA #36386

**2**.3   Plaintiffs have timely filed a claim against Defendant MSD pursuant to RCW 4.96.020 and have waited sixty days or more after filing the claim before commencing this action.

### III. BACKGROUND FACTS

*Abby Shoemaker Begins to Experience Sexual Harassment*

3.1   Abby Shoemaker transferred to MSD for her senior year in order to gain additional education opportunities that were not available at her then current high school. A. Shoemaker's transfer was consistent with state rules governing transfers.

3.2   A. Shoemaker joined the MSD cheer squad and began to suffer unwelcome sexual conduct from a peer cheerleader, Alivia White[1], during the summer of 2022 while at cheer camp and during practices.

3.3   On multiple occasions, Ms. White made overt sexual comments describing A. Shoemaker's physical attributes and touched A. Shoemaker's body in a sexual manner, in ways that went above and beyond teen horseplay.

3.4   A. Shoemaker received unsolicited, sexually explicit photographs from A. White via social media apps such as SnapChat. These images included Ms. White in a state of nudity and in some cases depicted A. White, and her boyfriend, simulating sexual acts with toys.

3.5   A. Shoemaker told Ms. White to cease the offensive behavior on multiple occasions to no avail.

3.6   Unable to resolve the matter on her own, on approximately July 13, 2022, A. Shoemaker eventually sought assistance from Defendant Nicole Marcus, cheer coach, in order to end the unwelcome sexual conduct from Ms. White.

3.7   Defendant Marcus, rather than provide assistance or report the conduct as required, merely stated that she was not disciplining behavior that she considered to be merely "drama" and one occasion told A. Shoemaker to **"go out there and fake it, til you make it."** Defendant Marcus's response was curious since she had directly witnessed unwelcome

---

[1] Ms. White was 17 at the time she engaged in the conduct but is now 18 years old..

Complaint - 3

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

physical contact between A. Shoemaker and Ms. White and in fact had texted Shoemaker asking if she was ok after a practice in August, 2022, in which Defendant Marcus witnessed Abby being touched in a manner that made her uncomfortable.

*The Shoemaker Parents Get Involved-MSD Retaliation Commences*

3.8   The Shoemakers filed a formal complaint alleging sexual harassment in October, 2022 after multiple attempts to resolve this matter informally had been unsuccessful.

3.9   Defendant Apple, who was charged with handling the investigation, largely ignored evidence proffered by the Shoemakers, failed to provide supportive measures or follow the Safety Plan, which he developed. Additionally, Defendant Apple would not allow A. Shoemaker to cheer until the investigation was completed, thus depriving her of the opportunity the cheer at football games for her last year of high school.

3.10   On approximately October 10, 2022 Defendant Apple left B. Shoemaker a voicemail alleging that he (Apple) had information that had led him to conclude that A. Shoemaker had violated the Safety Plan. As an example, Defendant Apple alleged that members of the Arlington school staff initiated calls to complain; however all staff members from Arlington indicated that it was Defendant Apple that initiated all contact.

3.11   Defendant Hammontree ordered A. Shoemaker to leave cheer practice, citing an attendance rule that was not consistently enforced. After A. Shoemaker refused to leave she was threatened with a trespassing charge. Ultimately, Defendants suspended A. Shoemaker from cheerleading for 12 games, effectively ended her high school cheering career.

3.12   A. Shoemaker was removed from her honor classes and at one point secretly removed from the school roster by some unknown individual.

3.13   Defendants continued to deprive A. Shoemaker of the rights and privileges that should be afforded any student that has not engaged in misconduct, up until today.

**IV. FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS 20 U.S.C. §1681**

4.1   Plaintiffs incorporate all allegations made above.

Complaint - 4

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

4.2 Defendant MSD received federal funds and is therefore subject to the requirements of Title IX of the Education Amendments of 1971 (Title IX), 20 U.S.C. §1681 et seq.

4.3 Discrimination of the basis of sex is prohibited by Title IX, and Washington state law.

4.4 Discrimination, and/or sexual harassment include conduct that is unwelcome and sexual in nature.

4.5 A. Shoemaker reported sexual harassment to Defendant Marcus who despite a legal obligation to take action did nothing. Additionally, Defendants minimized the conduct when describing the allegations to the school resource officer which delayed the launching of a criminal investigation[2].

4.6 Defendants collectively failed to take immediate action to adequately address the unwelcome sexual conduct.

4.7 Defendant MSD is liable for the acts and omission of its employees under the doctrine of respondeat superior.

4.8 Defendants MSD failed in its duty to investigate what occurred, and take appropriate timely steps to prevent and/or address sexual harassment.

4.9 Plaintiffs have been damaged by Defendants violation of their civil rights in an amount to be proven at trial.

---

[2] The criminal investigation into Ms. White's conduct is believed to be on-going.

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

## V. SECOND CAUSE OF ACTION – VIOLATION OF FIRST AMENDMENT- FREEDOM OF SPEECH

5.1     Plaintiffs incorporate all allegations made above.

5.2     Defendant Apple disciplined A. Shoemaker, initially, for responding at a football game when adult teachers asked how she was adjusting to the new school. It was clear from the adults questioning that they had already heard rumors regarding the harassment A. Shoemaker was receiving from another cheerleader. In fact, it was clear from the line of questioning that the adults had already heard which student was harassing Abby.

5.3     One adult was A. Shoemaker's former counselor, thus discussing a delicate situation with her was reasonable and in no way disruptive to the education process.

5.4     A. Shoemaker was also punished for a social media post, protesting her harassment, and made via SnapChat, during non-school hours, on a week night, and sent to only four individuals. The post did not identify any individual, a school, or anything relevant to the education process. It is unknown how Defendants obtained the snapchat post.

5.5     In disciplining A. Shoemaker for her statements in protest of her sexual harassment the Defendants have violated the Free Speech Clause of the First Amendment as applied to the states under the 14th Amendment to the U.S. Constitution and 42 U.S.C. §1983.

5.6     As a direct and proximate result of Defendants violation of the Free Speech Clause of the First Amendment, plaintiffs have suffered irreparable harm, including loss of their constitution rights, entitling them to damages, of an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)

6.1     Plaintiff s incorporates all allegations made above.

6.2     Defendants collective pattern of conduct, as described herein, totally deprived A. Shoemaker of all the opportunities that she should have been afforded during her last year of high school.

Complaint - 6

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

6.3     Defendants intentionally misleading law enforcement regarding the nature of A. White's aggressive sexual harassment, despite defendants obligation under Washington law is outside of the bounds of decency and intolerable.

6.4     Defendants actions, and inactions, have caused plaintiffs, especially, A. Shoemaker, to experience emotional distress.

6.5     Plaintiffs have been damaged as a result of defendant's intentional emotional distress in an amount to be proven at trial.

## VII.     FOURTH CAUSE OF ACTION – CIVIL CONSPIRACY

7.1     Plaintiffs incorporate all allegations made above.

7.2     Defendant MSD has rules that purportedly govern how sexual harassment complaints will be investigated.

7.3     Defendant Apple, Defendant Hammontree and other currently unknown individuals worked collectively for the sole purpose of forcing A. Shoemaker out of the school district.

7.4     Plaintiffs have been told by certain school officials, who themselves fear retaliation, that the defendants treatment of A. Shoemaker is "personal" and would not stop until she leaves the school.

7.5     Upon information and belief, it is alleged that each individually named defendant conspired to punish A. Shoemaker for complaining about sexual harassment from a more favored student, one whose family has personal relationships with district employees.

7.6     Upon information and belief, the individually named defendants, in their capacity as educators, have routinely engaged in a scheme to harass, punish, and intimidate plaintiffs in an effort to force A. Shoemaker out of the school system.

7.7     Plaintiffs have suffered harm as result of Defendants deceptive operating practices.

Complaint - 7

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

## VIII. FIFTH CAUSE OF ACTION – VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION

8.1 Plaintiffs incorporate all allegations made above.

8.2 Defendant MSD and its employees violated Washington's Law Against Discrimination ("WLD"), RCW 49.60.030 which provides that all individuals, including students, to be free from discrimination on the basis of sex.

8.3 WLAD also prohibits retaliation against individuals that file complaints alleging sexual harassment.

8.4 A. Shoemaker was sexually harassed by A. White and then retaliated against by defendants after complaining in violation of Washington law.

8.5 Defendant MSD is strictly liable for the discrimination of its agents.

8.6 Plaintiff is entitled to reasonable damages as a result of defendants' conduct.

## IX. SIXTH CAUSE OF ACTION – VIOLATION OF WASHINGTON'S PUBLIC RECORDS ACT (RCW 42.56)

9.1 Plaintiffs incorporate all allegations made above.

9.2 In order to protect their child, and understand Defendant MSD's decisions, on November 10, 2022, plaintiff B. Shoemaker initiated two Request for Public Records/Information using the Defendant MSD's approved form.

9.3 Plaintiff B. Shoemaker specifically requested: 1), *all communication from school district issued electronic devices and personal devices used for district business of Defendant Twila Hammontree regarding Abigail Shoemaker, and [the] cheerleading team* and 2) *All communication (written, electronic, text, etc.) between Peter Apple at MPHS and Nicole Marcus.*

9.4 Both requests were received stamped by MSD's administrative staff.

9.5 RCW 42.56.520 expressly requires a prompt response by the agency in response to a public records request. Specifically, the agency is required, within five business days, to

Complaint - 8

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

provide the record, or acknowledge receipt of the request and provide a reasonable time for the agency to respond to the request.

9.6     As of today, Defendant MSD, in keeping with its modus operandi, has not responded to the plaintiff's public requests at all.

9.7     Plaintiff seeks the maximum penalty allowed, under the courts discretion, for Defendant MSD's willful violation of the PRA, in addition to all costs, and legal fees related to the PRA request.

## X.  NOTICE

10.1    Consistent with the provisions of RCW 5.60.060(4)(b) and pursuant to *Loudon v. Myre*, 110 Wn.2d 657 (1988), plaintiffs do not authorize ex-parte contact with their physicians and/or mental health providers, either by way of in-person interviews, telephone conversations or conferences, correspondence or request for medical records, unless accompanied by a properly noted subpoena duces tecum for discovery depositions.

Complaint - 9

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386

## XI. RELIEF REQUESTED

WHEREFORE, having alleged the foregoing as its causes of action, Plaintiff requests the following relief:

A. All direct, foreseeable and consequential damages Plaintiff has suffered as a result of Defendant Marysville School District's conduct, including but not limited to: lost earnings, loss of promotional opportunities, past/future loss wages and benefits, damage to professional reputation, and emotional distress

B. For pre-judgment interest, attorney fees, and cost against all defendants

C. Any other forms of relief deemed proper and just by the Court.

DATED this _25_ day of May, 2023.

>The Law Office of G. Benjamin Lindsey III
>Attorney for Plaintiffs
>
>By /s/ G. (Gus) Lindsey III
>    G. (Gus) Lindsey, III WSBA #36386

Complaint - 10

The Law Office of G. (Gus) Benjamin Lindsey III
2012 Grade Rd./ Suite 202
Lake Stevens, WA  98258
(425) 263-9585 WSBA #36386